IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TISMON E. COLBERT, #610294, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-1881-O (BK) |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND**

On February 28, 1992, Petitioner pleaded guilty, without a plea agreement, to aggravated sexual assault with a deadly weapon and aggravated robbery with a deadly weapon, and the trial court imposed consecutive life terms of imprisonment. *State v. Colbert*, No. F91-40938 and F91-40939 (194th Jud. Dist. Court, Dallas County, 1992).[1] Petitioner did not appeal. (Doc. 2 at 3.) On May 11, 1995, he filed state post-conviction applications, *Ex parte Colbert*, Nos. W91-

---

[1] Petitioner also pleaded guilty to aggravated robbery with a deadly weapon in three additional cases, and the trial court imposed forty-five-year terms of imprisonment. *State v. Colbert*, Nos. F91-40870, F91-40996, and F91-41235 (194th Jud. Dist. Court, Dallas County, 1992). Petitioner does not challenge these additional convictions/sentences in this case.

40938-A, W91-40939-A, which the Texas Court of Criminal Appeals (TCCA) denied without written order on August 23, 1995.  *Ex parte Colbert*, No. WR-29,329-01.  On February 20, 1996, Petitioner filed a second set of state applications, arguing *inter alia* that the trial court erred in ordering that his life sentences run consecutively.  *Ex parte Colbert*, Nos. W91-40938-B and W91-40939-B.  Although the trial court recommended granting the applications because it lacked the authority to run life sentences consecutively (as Petitioner argues in his federal petition), *see La Porte v. State*, 840 S.W.2d 412 (1992), the TCCA dismissed the applications as successive.  *Ex parte Colbert*, No. WR-29,329-02 (Tex. Crim. App. on February 20, 1996).[2]

On August 3, 2011, Petitioner filed the federal petition presently at issue.  In essence, he argues he is "actually innocent of the two . . . life sentences" and the trial court's recommendation that his second applications be granted constitutes "newly discovered evidence" that entitles him to federal habeas relief.  (Doc. 2 at 7, 7a, 7b.)  The Court did not direct Respondent to file an answer, pending preliminary screening.  *See* Rule 4 of the Rules Governing Section 2254 Proceedings.[3]

## II. ANALYSIS

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

---

[2] The Court verified all dates noted above on the basis of information available on the Dallas County's website (under criminal background information) and the Texas Court of Criminal Appeals' website.  The Court also reviewed the state habeas file in *Ex parte Colbert*, No. WR-29,329-02 (Event ID 177179), obtained from the TCCA.

[3] For purposes of this recommendation, the federal petition is deemed filed on July 28, 2011, the date on which Petitioner signed and most probably handed the petition to prison officials for mailing (Doc. 2 at 9).  *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may raise *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order. (Doc. 7.)

In this case, the one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) are inapplicable.[4]

Since Petitioner did not appeal, his convictions became final, under section 2244(d)(1)(A), on March 29, 1992, thirty days after the February 28, 1992, judgments. *See* Tex. R. App. P. 26.2(a)(1). Because that date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, beginning on April 25, 1996, within which to seek habeas corpus relief. *See Flanagan v. Johnson*, 154 F.3d 196, 199-200 n. 2 and 202 (5th Cir. 1998) (citing *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)). As of that date, Petitioner's second state applications were pending; thus, the one-year grace period was tolled under 28 U.S.C. § 2244(d)(2) until May 22, 1996, when the TCCA dismissed those applications as successive. The one-year grace period began to run on May 23, 1996, and expired on May 22, 1997. Petitioner,

---

[4] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

however, did not file his federal petition until July 28, 2011, over thirteen years later. Therefore, his federal petition is clearly outside the one-year statute of limitations.

**B. Equitable Tolling**

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the *entire* one-year grace period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). Following the dismissal of his second state applications, Petitioner waited *over thirteen years* before he filed the federal petition in this case.

Petitioner does not explain the lengthy delays in his case, relying instead on his contention that he is actually innocent of the consecutive life sentences. (Doc. 7 at 1-3.) Unexplained delays, however, do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not

intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Moreover, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Therefore, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

**C. Actual Innocence**

In response to the Court's order to explain why his suit is not barred by the statute of limitations, Petitioner asserts the one-year limitations period does not apply to his federal petition because he is "actually innocent" of the consecutive life sentences and "actual innocence (Re: sentencing) is an ex[c]eption' that activates 'equitable principals.'" (Doc. 7 at 1-2.) He reiterates that the trial court's recommendation that his subsequent writs be granted constitutes "newly discovered evidence." *Id.* at 2. In addition, he contends that his "void [life] sentence[s] can be challenged at anytime" because they would amount to a "fundamental miscarriage of justice." *Id.*

Petitioner does not contend that he is actually innocent of the criminal offenses for which he received the life sentences about which he now complains. Nonetheless, Petitioner's actual innocence claim is insufficient to warrant either statutory or equitable tolling of the AEDPA

statute of limitations. "The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). "There is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations." *Prince v. Thaler*, 354 Fed. Appx. 846, 847 (5th Cir. Nov.13, 2009) (unpublished *per curiam*). Further, an "actual innocence claim . . . does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000).

In *Cousin*, the United States Court of Appeals for the Fifth Circuit stated that a "petitioner's claim of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period." *Id.* Here, however, Petitioner is not entitled to equitable tolling, as noted above. In addition, he has not made a showing of actual innocence. *See Felder v. Johnson*, 204 F.3d 168, 171 n. 8 (5th Cir. 2000) (noting that petitioner had not made a showing that he was actually innocent of his guilty plea as found by the district court).

To establish actual innocence, "the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 664 (5th Cir. 1999) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001). In this case, Petitioner cannot establish his actual innocence of the offenses for which he was sentenced to life imprisonment. He has produced no new, reliable evidence sufficient to refute the validity of his 1992 guilty plea. Even liberally construing his pleadings, the trial court's error in imposing consecutive life

sentences does not present a cognizable claim of newly discovered evidence that establishes his actual innocence of the underlying crime.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED September 26, 2011.

	RENÉE HARRIS TOLIVER
	UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

	RENÉE HARRIS TOLIVER
	UNITED STATES MAGISTRATE JUDGE